**HUNKIN-CONKEY CONST CO et v DAVIS et**

Ohio Common Pleas, Cuyahoga Co

No 445838. Decided April 11, 1938

**OPINION**

By McMAHON, J.

This case reaches the court upon the petition of the plaintiffs, the answer of the defendants, stipulations, arguments and briefs. It is the claim of the plaintiffs, who are a great many in number, and who are either contractors or sub-contractors, that they have entered into or are now obligated by construction contracts pursuant to which tangible personal property will be incorporated in the structures and through improvements, and which eventually become a part of the real property; that said contracts are in existence with various political sub-divisions of the State of Ohio and the Federal government; that the funds necessary for the transaction of this work in whole or in part are furnished by the Federal government under the provisions of the act or acts of Congress; that certain funds for the letting and performance of said contracts and all things connected therewith have been and are now under the control and supervision of the Federal government; that all of said contracts were in the main executed and delivered shortly prior to December 20, 1935, and that it was the intention of such contractors that said contracts should begin after that date; that each and all of said contracts will be performed, and that the tangible personal property which will be incorporated into those structures so contemplated will be purchased and placed in those structures subsequent to December 20th, 1935.

The Tax Commission of Ohio contends that all of such personal property is subject to the payment of the retail sales tax when purchased and used subsequent to December 20, 1935, notwithstanding the contracts entered into were prior thereto.

The plaintiffs in this action are licensed vendors and it is their intention to issue re-sale certificates to the suppliers of such tangible personal property and will furnish exemption certificates as provided by the sales act and regulations of the Tax Commission.

The plaintiffs herein pray the court for a declaratory judgment as to their rights, their status and their legal relations under §5546-1 GC and all of the related sections pertaining to the retail sales act of Ohio.

The Tax Commission likewise ask the court for a declaratory judgment on the same question and contend that said contractors or said plaintiffs are not exempt from the tax provided for in §5546-1, et seq., GC.

The issue then presented is as follows:

Is a contractor (a licensed vendor), who entered into a "construction contract" prior to December 20, 1935, of the type described in §5546-1, GC, obligated to pay, from his own funds without recourse, the retail sales tax on tangible personal property purchased by and delivered to him subsequent to December 20, 1935, for use or consumption in the performance of such a contract, or may he, in lieu of such payment, furnish exemption or resale certificates?

The pertinent portion of §5546-1, GC, as amended and effective December 20, 1935, is, as follows:

" 'Sale' and 'selling' include all transactions whereby title or possession, or both, of tangible personal property, is or is to be transferred, or a license to use or consume tangible personal property is granted, for a consideration in any manner, whether absolutely or conditionally, whether for a price or rental, in money or by exchange or barter, and by any means whatsoever. A construction contract, pursuant to which tangible personal property is or is to be incorporated into a structure or improvement on becoming a part of real property or is or is to be used or consumed in peroforming such contract shall, if the consideration for such incorporation, use or consummation is agreed upon, charged or paid separately from the consideration for the performance of the other obligations of such construction contract, constitute a sale of such tangible personal property for the purpose of this act."

It has been conceded that had these contracts been dated subsequent to December 20, 1935, the contractors would not be subject to tax, that the contracts do not exactly specify the property to be transferred, nor do they specify maximum and minimum quantities of goods. The court then is of the opinion that the legal question involved in this law suit turns solely and only upon the date of all of these contracts.

The court learns that in an opinion, No. 3961, under date of February 23, 1935, the Attorney General of Ohio rendered an opinion, the basis of which was that under contracts of this kind "that there is no fixed amount of tangible personal property contracted for upon which to compute the tax" and that ruling has been adopted by and acted upon by the Tax Commission.

The Attorney General also in one of his opinions, No. 4137 under date of April 10, 1935 ruled that:

"When sales of tangible personal property in this state are effected, the question of when title passes is one of fact. In determining the question the controlling factor is the intention of the parties which should be ascertained by consideration of the terms of the contract, the conduct of the parties, usages of trade, and the circumstances of the case aided by certain recognized presumptions of law and rules of law as contained in the so-called Uniform Sales law as it is in force in this state."

This court is in accord with that principle because under the sales act title does not pass when the contract is made unless the contract is for specific goods in a deliverable state. (§8399 GC). This is almost fundamental law. Otherwise there could be no definite tangible chattel, there could be no fixed consideration, and there could be no meeting of the minds of the parties to the contract. It is a matter of common knowledge that construction contracts never call for any identical specific chattels in a deliverable state.

Construction contractors do not carry stocks of materials on hand. They go about the performance of their contracts and purchase their requirements as needed as the work progresses. At the time of the signing or making of the contract they could not pass title even if they desired to do so to chattels because they do not have such chattels, nor do they have title to such chattels. Therefore, any application of the so-called intention test in this case should not be applied.

The court is of the opinion that the law in deciding a situation of this kind should receive reasonable, practical and workable construction. There are possibilities that these contracts so entered into prior to the taking effect of this act might never have been performed. Buildings might never have been erected. The contractors do not own the materials when they make the contracts and even if quantities are mentioned in the contracts they are estimates only There is nothing fixed, set, nor determined. There is the chance of the fluctuation of prices from the time of the making of the contract and of the buying of the materials which are to be used in the structures. The sales tax should be based upon fact, that is, sale price, and not market price at some future time.

The Tax Commission, through the Attorney General's office, in its brief places great reliance upon the decision of the Franklin County Common Pleas Court in the case of The Capital City Coal Company v The Tax Commission, decided, September 28, 1936. In that case these defendants took the same position that these plaintiffs are taking and Judge King did hold in that case that the contractor had no authority after December 20, 1935 to purchase items of tangible personal property entering into such construction projects to furnish the vendor certificates of resale, therefor, because those items were

taxable. This court has no quarrel with Judge King but the set-up of the facts in the case which was before Judge King is not on all fours with the facts in the case before us. Judge King's case is an unreported case, but what I gather from it is to the effect that in the case before him he was not dealing with the construction of the amendments of the sales tax law with which we are concerned in the present case, nor with the interpretation of construction contracts. In the case before him it was simply a contract by a coal company for the sale and delivery of certain coal. It is quite evident from the quotations that defendants' counsel use from Judge King's opinion, that that case was based entirely upon the construction of §5546-1 GC which provides that " 'sale' and 'selling' include all transactions whereby title or possession, or both, of tangible personal property, is or is to be transferred * * *." The phrase then "sale" and "selling" included all transactions whereby title or possession or both of tangible personal property is or is to be transferred can readily mean two things, that it refers to transactions in reference to tangible personal property in existence and that can be identified and that it also refers to transactions in reference to personal property which may not be in existence at the time of the transaction and the amount of which is not determined or determinable at such time. That phrase is used wholesale and only for the purpose of the imposition and collection of the tax, the amount of which is measured with the principal of the property sold. The first construction just referred to is a workable one. Statute law should ██ be construed as nearly as possible to the rule and good reasoning of the common law. The second construction is purely artificial and without apparent good reason since it would only make the transaction taxable long before that tax could ever be assessed, measured or collected. The use ██ of the words "tangible personal property" means something. It means that the sale is tangible at the time of the contract. How could anything be tangible which had to be ascertained by both of the parties to a contract at a future time and by no real determined system. It must also be noted that the definition referred to uses the expression in transactions where the title "is or is to be transferred." Certainly it cannot be the intention of the legislature that the act was to impose two taxes on a

transaction whereby as a result of a contract entered into and which was to be thereafter performed title passes from one to another. Title to the property in the instant case could not be transferred until the contract was performed either by delivery of the chattel itself or the incorporation of it in the work. Surely only one of these transactions would constitute a taxable sale.

The court is of the opinion, in the instant case, that the sale of tangible personal property by these plaintiff contractors to the consumers occurs when the property is used on the work or is incorporated in the structure, and that when a contractor having a vendor's license purchases property subsequent to the effective date of the sales act, as amended December 20, 1935, he should be permitted to furnish his vendor a re-sale certificate if purchased for use in fulfilling a construction contract of the type claimed in plaintiff's petition, because the actual taxable sale to a contractor in a construction contract and the actual re-sale by the contractor to the consumer is a matter of fact, although occurring subsequent to this amendment.

The court, therefore, concludes that since all of plaintiff's contracts are construction contracts of the type described in the sales amendment law of December 20, 1935, under which title to the tangible personal property involved necessarily passed (both as a physical act and a legal one as well) after the effective date of the amendment, that the date of all of these contracts entered into by these plaintiff companies in this lawsuit is of no importance, and that the sale by the material men to the contractor is not a retail sale subject to tax.

A declaratory judgment in favor of the plaintiffs as prayed for in their petition may be drawn. Order see journal. To all of which the defendants except.